UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: GARY EDWARD SASSO,

No. 7-12-14564 JA

Debtor.

DENNIS PANTANO, Independent Administrator of the
Estate of Marie Sasso, Deceased, Co-Trustee of the
Marie M. Sasso Trust dated August 15, 2001,
as Restated on October 21, 2005; and MICHAEL MANNO,
Co-Trustee of the Marie M. Sasso Trust dated
August 15, 2001, and Restated on October 21, 2005,

Plaintiffs,

v.                                      Adversary No. 13-1024 J

GARY SASSO, individually, as former
Independent Administrator of the
Estate of Marie Sasso, Deceased, and as
Beneficiary of the Marie M. Sasso Trust
dated August 15, 2001 and Restated on
October 21, 2005,

Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Plaintiff's Motion to Amend Final Default Judgment Denying Discharge ("Motion"). *See* Docket No. 146. Plaintiff Dennis Pantano, independent administrator of the estate of Marie Sasso, deceased, and Co-Trustee of the Marie M. Sasso Trust dated August 15, 2001, and restated on October 21, 2005 ("Plaintiff" or Mr. Pantano) requests the Court to amend the Final Default Judgment Denying Discharge ("Judgment Denying Discharge") to include a non-dischargeable money judgment in favor of Mr. Pantano and against Defendant Gary Sasso, individually, as former Independent Administrator of the Estate of Marie Sasso, Deceased, and as Beneficiary of the Marie M. Sasso Trust dated August 12, 2001, and Restated on October 21, 2005 ("Defendant" or Mr. Sasso).

Because the Court must give preclusive effect to the state probate court judgment that forms the basis of Plaintiff's non-dischargeability claims, the Court cannot grant the requested relief. The Court will, therefore, deny the Motion.

## PROCEDURAL HISTORY

Mr. Sasso filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 18, 2012. *See* Case No. 7-12-14564 JA – Docket No. 1. Pre-petition, Mr. Pantano obtained a default judgment (the "Probate Judgment") against Mr. Sasso in an action filed in the Circuit Court of Cook County, Illinois, County Department, Probate Division, concerning the probate estate of Marie Sasso (the "Probate Action"). The Probate Action was based on Mr. Sasso's alleged forgery, conversion, and unauthorized and improper withdrawals from the Marie M. Sasso Trust, dated August 15, 2001, as restated on October 21, 2005. On March 19, 2013, Mr. Pantano filed a complaint initiating this adversary proceeding seeking to have the Probate Judgment declared non-dischargeable under 11 U.S.C. §§ 523(a)(2)(a), (a)(4), and (a)(6) and to deny Mr. Sasso's discharge under 11 U.S.C. §§ 727(a)(3) and (a)(4)(A). *See* Docket No. 1. Mr. Pantano filed a Verified First Amended Complaint for Determination Excepting Debt from Dischargeability and to Deny Defendant's Discharge (the "Amended Complaint") on October 24, 2013. *See* Docket No. 9. The Amended Complaint requests the Court to determine, among other things, that the Probate Judgment "and any other amounts to be proven at trial" is non-dischargeable. *Id.*

On March 13, 2014, Mr. Sasso filed a motion seeking to suspend this adversary proceeding, asserting that this adversary proceeding concerns the assets of Marie Sasso's probate estate, that this Court lacks jurisdiction over certain aspects of this adversary proceeding under the probate exception to federal jurisdiction, and that he intended to seek relief from the Probate

2

Judgment in the Probate Action.  *See* Docket No. 28.  The Court determined that Plaintiff's claims objecting to Mr. Sasso's discharge under 11 U.S.C. § 727 could be tried notwithstanding the Probate Action.  *See* Order Resulting from Status Conference (Docket No. 54).  The Illinois probate court denied Mr. Sasso's request to vacate the Probate Judgment in the Probate Action.  *See* Notice of Denial of Debtor's Motion to Vacate Default Judgment entered in Cook County Probate Action (Docket No. 73).  Because Mr. Sasso's attempt to set aside the Probate Judgment in the Probate Action was unsuccessful, the parties agreed to reinstate Mr. Pantano's non-dischargeability claims.  *See* Order Resulting from Final Hearing on Motion to Reinstate Claims Under 11 U.S.C. § 523 – Docket No. 137.

Mr. Sasso repeatedly failed to appear for scheduled depositions in this adversary proceeding, and, as a sanction, the Court entered the Judgment Denying Discharge.  *See* Order on Order to Show Cause Why Defendant Gary Sasso Should Not be Held in Contempt and Default Judgment Denying Discharge Entered Against Him based on His Failure to Appear at Court-Ordered Deposition – Docket No. 144.  The Court entered the Judgment Denying Discharge on October 26, 2015.  On March 15, 2016, Mr. Pantano filed an amended proof of claim asserting a claim against the bankruptcy estate of Mr. Sasso in an amount in excess of the amount awarded to him in the Probate Judgment.  *See* Claim No. 6-2.  Mr. Pantano filed the Motion on March 16, 2016, more than 14 days after the date of entry of the Judgment Denying Discharge.

DISCUSSION

Plaintiff requests the Court to alter or amend the Judgment Denying Discharge pursuant to Fed.R.Civ.P. 60(b)(2) (newly discovered evidence) and (6) (any other reason justifying relief)

3

and enter a money judgment against Mr. Sasso.[1]  Plaintiff alleges that he recently discovered evidence that Mr. Sasso converted substantially more money from Marie Sasso and her estate than is reflected in the Probate Judgment.  Alternatively, Plaintiff requests the Court to amend the Judgment Denying Discharge under the Court's equitable power under 11 U.S.C. § 105.[2]  The Court cannot grant the Plaintiff the relief he seeks because the Court must give preclusive effect to the damages amount fixed by the Probate Judgment.

If the losing party in a state court lawsuit files a subsequent bankruptcy case, the prevailing party may seek to have the debt arising from the state court judgment declared non-dischargeable in the Bankruptcy Court.  *See, In re McKendry,* 40 F.3d 331, 336 (10th Cir. 1994) (explaining that "'[i]n bankruptcy court there are two separate and distinct causes of action:  One cause of action is on the debt and the other cause of action is on the dischargeability of that debt, a cause of action that arises solely by virtue of the Bankruptcy Code and its discharge provisions.'") (quoting *In re Moran,* 152 B.R. 493, 495 (Bankr.S.D.Ohio 1993) (additional internal citations omitted).  By denying the Defendant's discharge, the Court necessarily determined that the debt at issue in this adversary proceeding is non-dischargeable.  *See Garrett*

---

[1] Rule 60(b), made applicable in bankruptcy cases and adversary proceedings by Fed.R.Bankr.P. 9024, provides, in relevant part:
    On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
        (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
        (6) any other reason that justifies relief.
    Fed.R.Civ.P. 60(b)(2) and (6).

[2] Section 105(a) empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Bankruptcy Court's equitable power under § 105(a) is not unlimited. "[A] bankruptcy court may not exercise its broad equitable powers under §105(a) in a manner that is inconsistent with other, more specific provisions of the [Bankruptcy] Code." *In re Scrivner,* 535 F.3d 1258, 1263 (10th Cir. 2008) (quoting *In re Frieouf,* 938 F.2d 1099, 1103 n.4 (10th Cir. 1991) (internal quotation marks and additional citations omitted).  Because the Court concludes that Plaintiff would not have been entitled to re-litigate the amount of the Probate Judgment as part of this adversary proceeding in the first instance, Plaintiff may not rely on §105(a) to achieve the same result through a motion seeking relief from the Judgment Denying Discharge.

4

*v. Vaughan (In re Vaughan),* 342 B.R. 385, 2006 WL 751388 at *2 (10th Cir. BAP 2006) (unpublished) ("If the debtors' discharge is denied on *any* grounds, the [creditor's] § 523 Action becomes moot") (emphasis in original).[3]  What remains, then, is the cause of action on the debt.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).  Indeed, Congress has required federal courts to apply this principal by enacting the Full Faith and Credit Act, 28 U.S.C. § 1738.  *Id.* at 81 (observing that "'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'") (quoting *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)).  *See also, Kremer v. Chemical Const. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments as those judgments would be given in the courts of the State from which the judgments emerged.").  The Probate Judgment was issued by the probate court in Illinois, so this Court will look to applicable Illinois law to determine the preclusive effect of the Probate Judgment.

Under Illinois law, "'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action.'"  *Housing Authority v. Young Men's Christian Ass'n,* 101 Ill.2d 246, 251, 462 N.E.2d

---

[3] *See also United States v. Fletcher (In re Fletcher),* 2015 WL 1239811, *14 (Bankr.N.D.Okla. Mar. 13, 2015) (denial of discharge under §727 rendered moot plaintiff's claim for relief under § 523(a)); *In re McKenzie,* 213 F.3d 639, 2000 WL 554944 at *1 (5th Cir. 2000) (unpublished) (acknowledging that "the general denial of discharge would moot any specific determination" of non-dischargeability under § 523).

5

959, 961-62 (1984) (quoting *People v. Kidd*, 398 Ill. 405, 408, 75 N.E.2d 851 (1947) (emphasis in *Housing Authority* omitted). "When *res judicata* [claim preclusion][4] is established as a bar against the prosecution of a second action between the same parties upon the same claim or demand . . . it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose." *Id.* at 962 (citations and quotation marks omitted). A default judgment "is entitled to the same preclusive effect under the doctrine of *res judicata* as any other judgment" and is "always *res judicata* on the ultimate claim or demand presented in the complaint." *Id.* at 963.

The parties to the Probate Action are the same as the parties to this adversary proceeding. The underlying alleged wrongful acts that form the basis of the Probate Action likewise form the basis of Plaintiff's non-dischargeability claims. The Probate Judgment, though entered by default against Mr. Sasso, is entitled to preclusive effect in this subsequent action in accordance with applicable Illinois law. Furthermore, claim preclusion bars Mr. Pantano from re-litigating in this adversary proceeding the existence *and* the amount of the debt arising from the conduct complained of in the Probate Action.

"[W]hen a prior state court judgment is the debt at issue . . . the bankruptcy court . . . cannot issue its own judgment on the debt to replace the state court judgment previously obtained. All the bankruptcy court is called upon, or authorized to do, is to determine whether or not the state judgment is dischargeable." *Heckert v. Dotson (In re Heckert),* 272 F.3d 253, 257 (4th Cir. 2001). Claim preclusion "prevent[s] the unsettling of a prior judgment, whether by

---

[4] *See Hayes v. State Teacher Certification Bd.,* 359 Ill.App.3d 1153, 1161, 835 N.E.2d 146, 154 (2005) (explaining that "[r]es judicata* is separated into two distinct doctrines: (1) true *res judicata*, which is known as 'claim preclusion,' and (2) collateral estoppel, which is known as 'issue preclusion.'") (citations omitted).

6

increasing or decreasing the award or by reversing the result." *Id.* at 258.[5] By obtaining a judgment denying Defendant's discharge, Plaintiff was accorded all the relief he was entitled to receive. This Court could not have changed the amount of the Probate Judgment even if it had specifically declared the debt represented by the Probate Judgment non-dischargeable under 11 U.S.C. § 523(a). *Cf. Silva v. May (In re May),* 321 B.R. 462, 466 (Bankr.N.D.Ohio 2004) (applying Ohio preclusion law to conclude that the bankruptcy court was barred "from reevaluating the damages awarded to the Plaintiff in state court despite the judgment being entered by default."). *See also, Sanders v. Crespin,* Mem. Op., Adv. No. 15-1028, Docket No. 38 at p. 17 (Bankr.D.N.M. June 15, 2016) (a default judgment entitled to claim preclusion effect under state law is preclusive of the existence and amount of the debt in a dischargeability action where the dischargeability action is based on the same series of connected transactions underlying the claim of non-dischargeability.).

Because the amount of the Probate Judgment cannot be disturbed in this subsequent non-dischargeability action, Plaintiff is not entitled to relief from the Judgment Denying Discharge under Rule 60(b)(2) or (6) to obtain a non-dischargeable money judgment. The Probate Judgment is non-dischargeable by virtue of the Judgment Denying Discharge. The amount of the non-dischargeable debt is established by the Probate Judgment itself.[6] Nor can Plaintiff rely

---

[5] *See also, Comer v. Comer (In re Comer),* 723 F.2d 737, 740 (9th Cir. 1984) ("applying *res judicata* to bar the bankruptcy court from looking behind the default judgment to determine the actual amount of the obligation would not preclude the exercise of the bankruptcy court's exclusive jurisdiction to determine the nature of the subject debt for purposes of dischargeability."); *In re Bulic,* 997 F.2d 299, 304 (7th Cir. 1993) (explaining that re-litigation of the existence of the debt in bankruptcy court was barred under the doctrine of res judicata) (citing *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946)); *Clark v. Springhart (In re Springhart),* 450 B.R. 725, 734 n.3 (Bankr.S.D.Ohio 2011) (noting that, under the doctrine of "claim preclusion, a final [state court] judgment . . . may conclusively establish the validity and amount of the underlying debt leaving the only issue for trial the dischargeability of that debt.") (citing *Heckert,* 272 F.3d at 257).

[6] To obtain a non-dischargeable judgment in an amount different than the amount set forth in the Probate Judgment, Plaintiff would need to return to the Probate Action to seek relief. *See State Bank of Southern Utah v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1082-83 (10th Cir. 1996) (explaining that "[t]he doctrine of res judicata bars a *collateral* attack on a final judgment, but does not apply to *direct* attacks on judgments[ ]" such that Rule 60(b) may be relied

7

on the Court's equitable powers under § 105(a) to obtain the relief he seeks. *See, Kelleran v. Andrijevic,* 825 F.2d 692, 695 (2nd Cir. 1987) (bankruptcy court was required to give preclusive effect to previously issued state court default judgment and could not rely on its general equitable powers to grant relief, absent an allegation of collusion or fraud in the procurement of the judgment, or lack of jurisdiction of the state court to render the judgment).[7] The Court is bound to give full faith and credit to the Probate Judgment in accordance with Illinois law with respect to the existence and the amount of the debt at issue in this adversary proceeding. The relief from the Probate Judgment Plaintiff seeks must be sought in Illinois state court.

The Motion will be denied. The Court will enter a separate order consistent with this ruling.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: June 21, 2016

COPY TO:

Edward Alexander Mazel
Michelle Ostrye
Askew & Mazel, LLC
Attorneys for Plaintiff
320 Gold Ave S.W., Suite 300A
Suite 300A
Albuquerque, NM 87102

Gary Sasso
Defendant
PO Box 50513
Albuquerque, NM 87181

---

upon to assert a direct attack on the judgment before the court that issued the judgment) (emphasis in *Gledhill*) (internal quotation marks and citations omitted).

[7] No evidence was presented to this Court that the Probate Judgment was procured by collusion or fraud or that the state probate court lacked jurisdiction to enter the Probate Judgment.